IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA N. GRACIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 7297 |
| | ) |
| | ) Magistrate Judge Gilbert |
| | ) |
| SIGMATRON INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant's Second Motion to Compel and for Sanctions [ECF. No. 67]. Also pending is Defendant's Petition for Fees and Costs [ECF No. 56] as a result of the Court having granted Defendant's first motion to compel and for sanctions [ECF No. 49]. The Court will address both motions in this Order. At a hearing on December 5, 2017, the Court ordered Plaintiff to provide by December 12, 2017, a privilege log listing certain documents she had withheld from production. The rationale for that ruling, articulated on the record on December 5, 2017, also is included below.

I.

On August 24, 2017, counsel for the parties appeared for a hearing before this Court on Defendant's first motion to compel and for sanctions [ECF No. 49], which the Court granted in part and denied in part. *See* [ECF No. 55]. The Court ordered Plaintiff (1) to provide supplemental responses to certain of Defendant's First Set of Interrogatories, including Interrogatory No. 12, which is at issue in the present motion, and (2) to respond in writing to Defendant's First Set of Requests for Production Documents. On September 5, 2017, *Id.* Plaintiff then served her supplemental responses to Defendant's First Set of Interrogatories. Plaintiff, however, did not provide responses to Defendant's First Set of Requests for Production Documents. On September 12, 2107, counsel for Plaintiff inquired about Plaintiff's late responses to the request for documents. After the September 12, 2017 correspondence, Plaintiff provided written responses to Defendant's First Set of Requests for Production Documents.

In this Second Motion to Compel and for Sanctions [ECF. No. 67], Defendant argues that Plaintiff's supplemental response to Interrogatory No. 12 continues to be deficient because Plaintiff failed to provide any explanation of her damages or a detailed calculation of her damages as ordered by the Court on August 24, 2017. [ECF No. 55]. Defendant also argues that Plaintiff's responses to Requests for Documents No. 2, 4, and 5 are deficient because she did not produce a privilege log in response to Document Request No. 2 and did not identify documents with specificity in response to Document Requests Nos. 4 and 5.

With regard to Interrogatory No. 12, Plaintiff's supplemental response again is deficient because she does not provide any specific explanation of her damages or attempt to identify or calculate any purported damages. However, since Plaintiff served her deficient supplemental response to Interrogatory No. 12 and after Defendant filed this motion, Plaintiff and her husband were deposed by Defendant's counsel. Defendant's counsel represented that neither Plaintiff nor her husband were able to testify with any particularity about Plaintiff's damages. Whether Defendant's characterization of Plaintiff's and her husband's deposition testimony is accurate or not, there does not appear to be much point to requiring Plaintiff to again answer Defendant's Interrogatory No. 12. Plaintiff, however, should be barred from introducing at trial any evidence about her alleged damages that was not provided in response to Interrogatory No. 12 or in her or her husband's deposition testimony. Therefore, as a sanction for Plaintiff's failure to answer Interrogatory No. 12 with any specificity, the Court recommends to the District Judge that the evidence that Plaintiff can introduce at trial on damages be limited to what Plaintiff and her husband testified at their depositions and nothing else.

With regard to Document Request No. 2, Plaintiff represents that she does not have any responsive documents other than privileged communications with her counsel. Counsel estimated that those communications are contained in approximately 10 emails. It is inexcusable that counsel did not produce a privilege log enumerating those documents particularly in light of the minimal number of alleged communications. On December 5, 2017, the Court directed Plaintiff to produce a privilege log no later than December 12, 2017. The Court now awards Defendant $1,000 in attorney's fees for having to bring this second motion on the privilege log issue. Those fees are payable by Plaintiff's counsel (not Plaintiff) and should be paid within 15 days of entry of this Order.

As to Document Requests Nos. 4 and 5, Plaintiff provides the exact same response to both requests: "See attachments to Complaint, pleadings and motions filed by defendants in 11 CV 07604 trial transcripts, jury verdict and final judgment therein. See also Notice of Issuance of Mandate, Final Judgment and opinion of the court in Gracia v. sigmatron [sic] International, Inc. No. 15-3311 United States Court of Appeals for the Seventh Circuit." [CM-ECF No. 65-5]. Plaintiff does not identify with specificity the particular documents to which Plaintiff refers from the prior litigation as the Court recommended she do at the motion hearing on August 24, 2017. Therefore, the Court recommends to the District Judge that Plaintiff be limited at trial to offer into evidence only the documents she specifically identified in response to Document Requests Nos. 4 and 5, including the attachments to her Complaint, the jury verdict and final judgment in Case. No 11 C 7604, the Notice of Issuance of Mandate, Final Judgment and Seventh Circuit's opinion in Case No. 15-3311. The Court makes no finding as to whether those documents are admissible into evidence at trial. The Court recommends that Plaintiff not be permitted to use any pleadings, motions or trial transcripts from Case No. 11 C 7604 (again, to the extent any of those documents would be admissible into evidence) because she did not specifically identify which documents or portions of the transcripts on which she intends to rely. The Court believes at this time that this is an appropriate sanction. Defendant requests as a sanction that Plaintiff's case be dismissed. The Court does not believe that is an appropriate sanction at this time.

Finally, there is Defendant's request for its reasonable attorney's fees for having to bring this second motion to compel. Although the Court disagrees with Plaintiff's rationale for responding to Defendant's discovery in the manner which she did, her rationale is not entirely baseless given the way in which she

conceptualizes her case. The Court is sanctioning Plaintiff in a non-monetary way by recommending to the District Judge that the evidence available to her at trial should be limited to the information Plaintiff provided in discovery. Therefore, the Court finds there is good cause to deny Defendant's request that the Court award 100% of it fees for having to file this motion to compel. The Court will limit its award of attorney's fees on Defendant's Second Motion to Compel and for sanctions [ECF No. 67] to the $1,000 awarded against Plaintiff's counsel for her failure to provide a privilege log for the reasons described above.

II.

Also pending before the Court is Defendant's Petition for Fees and Costs [CM-ECF No. 56] as a result of the Court granting Defendant's first motion to compel and for sanctions. The Court awarded Defendant 75% of her attorney's fees incurred for the first motion to compel, excluding any meet and confer efforts, which amounts to $3,466.13. [ECF No. 55]. The Court left open the issue of whether it would award attorney's fees for preparing the fee petition. Defendant now seeks $1,794.00 for preparation of the fee petition. Case law supports the general proposition that time spent preparing and litigating a fee petition is compensable so long as the time spent and attorney's fees sought are reasonable. *Johnson v. GDF, Inc.* 2014 WL 463676, at *8 (Ill. N.D. Feb. 5, 2011).

The Court finds that the attorney's fees sought by Defendant for both the first motion to compel and the petition for fees are reasonable. The Court is not persuaded by any of Plaintiff's arguments that Defendant violated Local Rule 54.3, that the fees sought or attorney billing rates are not reasonable, or that Defendant should not be able to recover its fees for drafting its fee petition. Therefore, for all of these reasons, the Court awards Defendant $5,260.13 in attorney's fees for the first motion to compel and subsequent fee petition to be paid by Plaintiff and her counsel. That amount should be paid within 15 days of entry of this Order.

III.

Accordingly, for the reasons set forth in this Order, Defendant's Second Motion to Compel and for Sanctions [ECF. No. 67] is granted in part and denied in part. Plaintiff's counsel is ordered to pay to Defendant $1,000 as a sanction for not producing a privilege log for the 10 ostensibly privileged emails not produced in response to Defendant's request for production of documents which, in turn, required Defendant to file its Second Motion to Compel. Defendant's Petition for Fees and Costs [56] arising from the Court's order granting its first motion to compel is granted. Plaintiff and her counsel shall pay the $5,260.13 awarded on Defendant's Petition for Fees and Costs [ECF No. 56] and Plaintiff's counsel shall pay the $1,000 awarded as a sanction for her failure to produce a privilege log within 15 days of the date

3

of this Order. If this Order is appealed, then the requirement to make the monetary payments will be stayed pending a decision by the District Judge on that appeal.

It is so ordered

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 14, 2017