# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| MARIA N. GRACIA, | ) |
| Plaintiff, | ) Case No. 16 C 7297 |
| v. | ) Judge John Z. Lee |
| SIGMATRON INTERNATIONAL, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Maria N. Gracia has brought this suit against her former employer, SigmaTron International, Inc. ("SigmaTron"). Gracia's claims arise from statements made by SigmaTron in disclosures mandated by the Securities and Exchange Commission ("SEC"). The Court previously dismissed Gracia's claims for defamation and false light invasion of privacy against two of SigmaTron's corporate officers. Remaining are Gracia's claims that SigmaTron retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. § 5/6-101(a). SigmaTron moves for summary judgment on all remaining claims, and Gracia moves for partial summary judgment. For the reasons stated herein, SigmaTron's motion for summary judgment is granted, and Gracia's motion for partial summary judgment is denied.

## Background

SigmaTron is an electronics-manufacturing corporation. Def.'s LR 56.1 Stmt. ("Def.'s SOF") ¶ 1, ECF No. 97; Pl.'s Resp. Def.'s LR 56.1 Stmt. ("Pl.'s SOF") ¶ 1, ECF No. 107. Gracia began working for SigmaTron in 1999. Def.'s SOF ¶ 2; Pl.'s SOF ¶ 2. In 2008, she filed a charge

against SigmaTron with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights, claiming sexual harassment and a hostile work environment. Def.'s SOF ¶ 5; Pl.'s SOF ¶ 5. Subsequently, on December 5, 2008, her employment was terminated. Def.'s SOF ¶ 2; Pl.'s SOF ¶ 2.

Gracia obtained a job with Imagineering, Inc. ("Imagineering") in April 2010. Def.'s SOF ¶ 6; Pl.'s SOF ¶ 6. She initially earned a salary of $32,000 per year, which increased to $57,000 by 2016, and was expected to further increase in 2018. Def.'s SOF ¶¶ 6–8; Pl.'s SOF ¶¶ 6–8. Gracia is happily employed at Imagineering and does not anticipate looking for a new job. Def.'s SOF ¶ 9; Pl.'s SOF ¶ 9.

Gracia filed a federal lawsuit against SigmaTron in October 2011 (*Gracia I*), alleging that SigmaTron retaliated against her for filing the EEOC charge. Def.'s SOF ¶ 10; Pl.'s SOF ¶ 10. On December 18, 2014, the jury in *Gracia I* returned a verdict in Gracia's favor on the retaliation claim, awarding $57,000 in compensatory damages and $250,000 in punitive damages. Def.'s SOF ¶ 19; Pl.'s SOF ¶ 19.

SigmaTron, a publicly traded company, is required to comply with SEC-mandated disclosures in its publicly filed quarterly and annual statements. Def.'s SOF ¶ 22; Pl.'s SOF ¶ 22. SEC regulations require SigmaTron to disclose material legal proceedings. Def.'s SOF ¶ 24; Pl.'s SOF ¶ 24. On March 16, 2015, SigmaTron stated in its quarterly report that it was "a defendant in an employment-related lawsuit," that the case had been tried before a jury that had awarded the plaintiff $307,000, that SigmaTron had filed post-trial motions, and that SigmaTron "believe[d] the matter [was] not a material legal proceeding." Def.'s SOF ¶ 25; Pl.'s SOF ¶ 25.

Then, in April 2015, the trial court denied SigmaTron's post-trial motions and remitted the compensatory damages award to $50,000, resulting in a $300,000 judgment against SigmaTron.

Def.'s SOF ¶ 31; Pl.'s SOF ¶ 31.  This verdict amounted to approximately one-third of SigmaTron's profits for the fiscal year.  Def.'s SOF ¶ 32; Pl.'s SOF ¶ 32.  In SigmaTron's report for the fiscal year ending April 30, 2015, it named Gracia as the plaintiff in the lawsuit, stating:

> On December 5, 2008, Ms. Gracia's employment as an assembly supervisor was terminated after she knowingly permitted an assembly line to run leaded boards in a lead-free room with lead-free solder, contrary to a customer's specifications as prohibited by Company policy. . . . Ms. Gracia openly admitted to permitting this to take place.

Def.'s SOF ¶ 33; Pl.'s SOF ¶ 33.

In September 2015, Gracia filed another EEOC charge, claiming that SigmaTron's SEC filings referencing her by name contained false statements about her professional competence. Def.'s SOF ¶ 43; Pl.'s SOF ¶ 43.  After receiving a right-to-sue letter from the EEOC, Gracia filed this lawsuit, alleging retaliation in violation of Title VII and the IHRA, libel *per se*, and false light invasion of privacy.  Def.'s SOF ¶ 45; Pl.'s SOF ¶ 45.  This Court previously dismissed the latter two claims.  Def.'s SOF ¶ 47; Pl.'s SOF ¶ 47.

At her deposition in this case, Gracia testified that she has no identifiable damages from SigmaTron's publication of her name in its SEC disclosures.  Def.'s SOF ¶ 49; Pl.'s SOF ¶ 49.

### **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).  In reviewing a motion for summary judgment, the

Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The Court must not make credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

## Analysis

I.  **SigmaTron's Motion for Summary Judgment**

To survive summary judgment on her Title VII and IHRA retaliation claims,[1] Gracia must show that the evidence, considered as a whole, would permit a reasonable factfinder to conclude that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *Williams v. Office of Chief Judge of Cook Cty., Ill.*, 839 F.3d 617, 626 (7th Cir. 2016). For the following reasons, the Court concludes that she has failed to make that showing.

   A.  **Protected Activity**

The parties do not dispute that Gracia's actions of (1) filing the 2008 EEOC charge and (2) filing the 2011 *Gracia I* lawsuit constituted protected activity. *See Benuzzi v. Bd. of Educ. of City of Chi.*, 647 F.3d 652, 664 (7th Cir. 2011) ("Filing charges with the EEOC and pursuing a lawsuit in an attempt to vindicate those charges are the most obvious forms of statutorily protected activity.") (internal quotation marks and citation omitted).

---

[1] Defendants make no distinction in their briefing between Plaintiff's Title VII claims and IHRA claims. The Court's analysis in relation to these claims, therefore, focuses solely on Defendants' Title VII-based arguments. *See, e.g.*, *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (holding that undeveloped arguments are waived). In any event, courts assessing IHRA retaliation claims have adopted the framework used by federal courts in addressing retaliation claims under Title VII. *Marshall v. Family Dollar Stores, Inc.*, No. 11 C 1477, 2012 WL 1117897, at *2 (N.D. Ill. Apr. 3, 2012).

**B.    Adverse Employment Action**

According to SigmaTron, Gracia has not established that she was subjected to an adverse employment action, for two reasons: (1) SigmaTron's SEC disclosures merely republished facts taken from the public record in the lawsuit Gracia filed;[2] and (2) Gracia stated at her deposition that she would not be dissuaded from filing a lawsuit in the future based on SigmaTron's actions. In addition, SigmaTron points out that Gracia testified that she had not suffered any identifiable damages as a result of SigmaTron's SEC disclosures.

The parties' arguments center on *Greengrass v. International Monetary Systems*, 776 F.3d 481 (7th Cir. 2015), where the Seventh Circuit concluded that "naming [an] EEOC claimant[] in publicly available SEC filings could dissuade a reasonable worker from making or supporting a charge of discrimination—the essence of a materially adverse employment action." *Id.* at 485 (internal quotation marks and citations omitted). In Gracia's view, *Greengrass* necessarily establishes that she has suffered an adverse employment action. This is incorrect.

As the Seventh Circuit has recognized, it is "impossible" to create a "precise list of activities that constitute adverse employment actions." *Atanus v. Perry*, 520 F.3d 662, 677 (7th Cir. 2008). Instead, whether an act is materially adverse will "often depend on the particular circumstances," and "[c]ontext matters." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006). Thus, although "[i]n determining the significance of any given act of retaliation, the test is objective," *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 678 (7th Cir. 2010), courts look to the "constellation of surrounding circumstances, expectations, and relationships" to make the determination. *Id.*; (quoting *Burlington*, 548 U.S. at 69). Even in *Greengrass*, the Seventh Circuit was careful to say that "naming EEOC claimants in publicly available SEC filings *could* dissuade

---

[2]    The Court previously rejected this argument in its opinion addressing SigmaTron's motion to dismiss. *See* Mem. Op. & Order at 6, ECF No. 33.

a reasonable worker from making or supporting a charge of discrimination," *id.* at 485 (internal quotation marks and citations omitted) (emphasis added).

This case is distinguishable from *Greengrass*, where the plaintiff had offered evidence that she had "struggled to find and maintain regular employment." *Id.* A recruiter had also told her that she was "unemployable" due to the statement in her employer's SEC disclosures that she had filed a "meritless" sexual-harassment complaint. *Id.* at 484–85. By contrast, here, at the time that the SEC disclosures were made, Gracia had already obtained new employment with Imagineering, and had been working there for five years. Def.'s SOF ¶ 6; Pl.'s SOF ¶ 6. She has since remained in that position and has not expressed any interest in leaving:

> **Q:** Okay. Have you looked for another job while you've been working at Imagineering?
>
> **A:** No.
>
> **Q:** So in the last seven years you've been quite happy with your positions at Imagineering; is that right?
>
> **A:** Yes.
>
> **Q:** Has any recruiter come to you and tried to hire you away from Imagineering since you've been working at Imagineering?
>
> **A:** No.
>
> **Q:** Do you see yourself changing jobs from Imagineering and going to work for another employer?
>
> **A:** At the moment I don't.
>
> **Q:** Well, I think you mentioned that you thought you would be with Imagineering for your entire career; is that right?
>
> **A:** I mean I don't know how long but for right now I'm – I'm happy there.
>
> **Q:** Do you think that you'll change jobs and go to work for someone else?

>                   Do you have any reason to believe you will?
>
> **A:**            No, not at the moment.
>
> **Q:**            Do you see yourself changing careers and working in a different career in the future?
>
> **A:**            No, I don't. No.

Def.'s SOF Ex. E ("Pl.'s Dep.") at 51:16–52:17, ECF No. 97-5.

Gracia enjoys her position at Imagineering and has received salary increases on a regular basis. Def.'s SOF ¶¶ 6–9; Pl.'s SOF ¶¶ 6–9. Imagineering's representative, Parvin Dhanji, testified that Gracia's salary has increased significantly because her performance has been "exceptional." Def.'s SOF Ex. D ("Dhanji Dep.") at 15:16–19. Dhanji also testified that, at Gracia's next performance review, she would receive a positive performance review with the highest possible evaluation scores. *Id.* at 20:5–16.

Thus, unlike in *Greengrass*, where the plaintiff had struggled to find employment, the summary judgment record here shows that Gracia has been steadily employed, that she is happy in her job and has no plans to change jobs, and that her employer is satisfied with her job performance and expects the employment relationship to continue.

What is more, Gracia admitted at her deposition that she was not aware of anyone who had seen the SEC disclosures; in fact, Gracia did not know about the disclosures until her attorney informed her that they were available online:

> **Q:**            How did you become aware that SigmaTron had identified you by name in its quarterly report?
>
> **A:**            My lawyer had mentioned it.
>
> **Q:**            Is your lawyer the only one who told you that SigmaTron had filed – had mentioned your name in an SEC quarterly report?

**A:** Yes.

Gracia Dep. at 89:19–90:1l; *see also id.* at 163:9–11 ("**Q:** Has anyone told you that they're aware of the SEC disclosures? **A:** No.").

Thus, this case is distinct from *Greengrass* in that Gracia has failed to present any evidence from which a reasonable jury could find that the SEC disclosures harm harmed her—or would harm a reasonable employee in her situation—in any way. Although Gracia relies on the expert report of Don Wilson to attempt to establish harm to her future employment prospects, the Court does not consider that evidence, because it previously granted SigmaTron's motion to strike Wilson's expert report. Order of 3/19/19, ECF No. 131.

The conclusion that Gracia has not suffered an adverse employment action is strengthened by her own deposition testimony in this case, in which she stated that she had not suffered any identifiable damages from SigmaTron's publication of her name in its SEC disclosures:

> **Q:** So as you sit here today you can't think of any damages that you're seeking against SigmaTron in this lawsuit; is that right?
>
> **A:** Right.
>
> **Q:** And you can't think of anything that would help you to determine if you did have any damages; is that right?
>
> **A:** Right.
>
> **Q:** At the time that you filed the lawsuit against SigmaTron, the 2016 lawsuit, did you have any damages that you were seeking at that time against SigmaTron?
>
> **A:** I don't know.
>
> **Q:** You don't know if you had any damages at that time that you were seeking against SigmaTron?
>
> **A:** Yes, that's correct.

> **Q:** Would anything help you to remember or clear up whether you did or did not have any identifiable damages that you were seeking against SigmaTron?
>
> **A:** No.

Pl.'s Dep. at 211:1–20, ECF No. 97-5.[3]

Even considering the record in the light most favorable to Gracia, she has failed to provide any evidence from which a reasonable jury could conclude that she suffered an adverse employment action. Her testimony as to lack of damages, combined with the evidence in the record showing her consistent, gainful employment since her departure from SigmaTron, fails to establish that she has suffered, or will suffer, any harm from the statements in SigmaTron's SEC disclosures. "The [Title VII] antiretaliation provision protects an individual not from all retaliation, but from retaliation that *produces an injury or harm*." *Burlington*, 548 U.S. at 67 (emphasis added); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 655 (7th Cir. 2010) (holding that an employee failed to establish a genuine issue of material fact where she provided no "evidence of harm" from the alleged adverse employment action). Because Gracia has failed to show any evidence of harm, SigmaTron's motion for summary judgment is granted.[4]

## II. Gracia's Motion for Partial Summary Judgment

Gracia has filed a partial motion for summary judgment arguing that SigmaTron "should not be permitted to re-try the falsity of its pretextual explanation" for the termination of her employment. Pl.'s Mem. Supp. Partial Mot. Summ. J. at 1, ECF No. 106. The focus of Gracia's

---

[3] Furthermore, even if this case were to proceed to trial, Gracia would likely be barred from presenting any other evidence of damages. Gracia previously provided deficient responses to SigmaTron's discovery requests, resulting in a recommendation by Magistrate Judge Gilbert that "the evidence that [Gracia] can introduce at trial on damages be limited to what [Gracia] and her husband testified at their depositions and nothing else." Order of 12/14/17 at 2, ECF No. 82.

[4] As Gracia has failed to establish a necessary element of a Title VII retaliation claim, the Court does not reach the parties' arguments as to causation.

motion is the doctrine of collateral estoppel (also known as issue preclusion). *See, e.g., Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010) ("Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."). Gracia argues that, because the jury in *Gracia I* found in her favor on her retaliation claim, SigmaTron may not now argue that the statements in its SEC disclosures were, in fact, true. In response, SigmaTron contends that issue preclusion does not apply.

The Court need not rule on the applicability of issue preclusion, however, because Gracia's motion is relevant only as to whether she suffered an adverse employment action. *See* Pl.'s Reply Supp. Partial Mot. Summ. J. at 1–2, ECF No. 122 ("Falsity is an important aspect of plaintiff's present case, because defendant disputes that it took adverse employment action against her. Adversity is intricately connected with the fact that the challenged SEC Disclosures include proven false statements about plaintiff."). But even assuming the statements in SigmaTron's SEC disclosures to be false, Gracia has failed to show that their publication would dissuade a reasonable employee in her situation from making or supporting a charge of discrimination in the future. Because Gracia has failed to present evidence from which a reasonable jury could conclude that she suffered an adverse employment action, her motion for partial summary judgment is denied.

## Conclusion

For the foregoing reasons, SigmaTron's motion for summary judgment is granted, and Gracia's motion for partial summary judgment is denied.

**IT IS SO ORDERED.**  **ENTERED  3/19/19**

_____
**John Z. Lee**
**United States District Judge**